NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In Re the Matter of:

LEAUNDRE WEST, *Petitioner/Appellee,*

*v.*

JUSTICE DAVIS, *Respondent/Appellant.*

No. 1 CA-CV 25-1002 FC

FILED 08-03-2026

Appeal from the Superior Court in Maricopa County
No. FC2023-001874
The Honorable Ashley V. Halvorson, Judge

**AFFIRMED**

COUNSEL

Leaundre West, Protected Address
*Petitioner/Appellee*

Justice Davis, Chandler
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Daniel J. Kiley delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Veronika Fabian joined.

---

**K I L E Y**, Judge:

¶1        Justice Davis ("Mother") appeals from an order providing that she and Leaundre West ("Father") will share joint legal decision-making authority ("LDM") over their two children, with Father having final decision-making authority if they are unable to reach an agreement. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Mother and Father have two minor children in common. In 2023, the superior court entered a judgment (the "Judgment") which, as relevant here, awarded the parties joint LDM and equal parenting time with their children.

¶3        In July 2025, each party petitioned to modify various aspects of the Judgment, including the joint LDM provision. Father requested that he be awarded sole LDM, alleging that Mother had made "unilateral decisions" without his "input," such as "dis-enrolling" the children from their school without first discussing the matter with him. Mother similarly requested an award of sole LDM, alleging that Father's unwillingness to "get[] along" with her had "made it completely impossible to co parent [*sic*]."

¶4        The court held an evidentiary hearing in August 2025 at which both parties appeared and testified. After taking the matter under advisement, the court issued a ruling in which it faulted both parties for failing "to cooperate in decision-making about the children to the extent required." The court noted, for example, that Mother "did not attempt in good faith to reach a joint decision with Father" before "changing the children's school," and that she "did not timely inform Father" when one of the children sustained an injury that required "urgent medical care." At the same time, however, the court faulted Father for previously "back[ing] out of a verbal agreement with Mother" to transfer one of the children to a different preschool.

**¶5**        Despite the parties' co-parenting difficulties, the court determined that it would "afford the parties another opportunity to prioritize communication and joint decision-making[,]" and so denied each party's request for sole LDM. Instead, the court ordered that the parties would continue to share joint LDM. But determining that Father was "more reasonable" in the parties' dispute about the children's schooling, the court ordered that, "if they cannot agree after making a good faith effort to reach an agreement, [Father] shall have the ability to make the final decision."

**¶6**        Mother timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(2).

## DISCUSSION

**¶7**        Mother challenges the court's award of final decision-making authority to Father.

**¶8**        Awarding joint LDM to a child's parents while granting "final decision-making authority over certain matters" to one parent "creates shared legal decision-making with the possibility that one parent will exercise a superior right if the parents cannot reach a joint agreement in good faith." *Nicaise v. Sundaram*, 245 Ariz. 566, 568-69, ¶ 14 (2019). We review an LDM award for abuse of discretion. *Gish v. Greyson*, 253 Ariz. 437, 444, ¶ 31 (App. 2022). "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999) (citation modified).

**¶9**        In her briefing on appeal, Mother argues the superior court erred by "declin[ing] to grant" her request for "final decision-making authority." "[T]he parties have struggled to reach agreement on matters requiring prompt decisions," she asserts, and the court's decision to "maintain[] joint [LDM] without providing a mechanism for final resolution" will allow this "conflict to continue."

**¶10**        The premise of Mother's argument is incorrect. By affirming the prior award of joint LDM but granting Father final decision-making authority, the court did, in fact, establish a mechanism by which decisions can be made when the parties are unable to reach agreement.

**¶11**        Mother does not expressly argue that the court erred by awarding final decision-making authority to Father instead of to her. But she raises this argument indirectly by asking this Court to "grant [her] final

decision-making authority" because, she contends, she has demonstrated "consistent involvement in the children's routines, education, and overall care[.]"

¶12        Mother's assertions about her active involvement in the children's lives, while no doubt true, are irrelevant because the court's orders in no way reduce her role in the children's lives. On the contrary, the court's ruling provides that the parties will continue to share joint LDM and equal parenting time. But as Mother herself argues, giving one parent the "final say" was appropriate due to the persistent conflict between the two. Moreover, the record supports the court's finding that Father was "more reasonable" in the dispute over the children's schooling, and Mother does not contest this finding. The record thus supports the court's decision to grant Father, rather than Mother, the limited power of final decision-making when the parties are unable to reach agreement.

## CONCLUSION

¶13        We affirm. Father is entitled to his costs on appeal upon compliance with ARCAP 21.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR